**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **HOPE ELLY and PATRICK DUNN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CINEMARK USA, INC.,** | ) | _1:19-cv-35-LG-RHW_ |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

## I.      INTRODUCTION

Plaintiffs, Hope Elly and Patrick Dunn, file this Title III, ADA action, pursuant to 42 U.S.C. §12181, *et. seq.* In Count One of the Complaint, Plaintiffs seek to enjoin the Defendant to remove architectural barriers. In Count Two, Plaintiffs seek to enjoin Defendant to maintain practices, policies, and procedures necessary to maintain the premises free of architectural barriers both now and once the barriers are removed. In Count Three, Plaintiffs seek to enjoin the Defendant's use of the premises to provide full and equal enjoyment of the premises to individuals with disabilities. Counts Two and Three seek independent relief in addition to the removal of architectural barriers. Count Four seeks to enjoin the Defendant's failure to design and construct the facility to be readily accessible to and usable by individuals with disabilities. In Count Five, Plaintiffs seek to enjoin Defendant to remediate its website and mobile application which fail to provide Plaintiffs with equal access to goods and services offered on these platforms.

## II.      JURISDICTION, PARTIES, AND ARTICLE III STANDING

1.       This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter the "ADA"), and its implementing regulations. Therefore, this Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

2.       Venue is proper in this Court pursuant to Title 28, U.S.C. §1391 and the Local Rules of the United States District Court for the Southern District of Mississippi.

3.       Plaintiff, Hope Elly, resides in Grand Bay, Alabama. She has experienced cerebrovascular accidents, more commonly known as strokes.  Both her motor and sensory functions are affected, resulting in weakness and/or muscle paralysis. Therefore, maintaining balance, walking, and the ability to use her hands are extremely impaired. As a result of her disability, she relies on a walker or wheelchair for mobility. She is limited in her ability to care for herself, perform manual tasks, walk, stand, lift, bend, grab, twist, and work, all of which are major life activities pursuant to 42 U.S.C. § 12102(2)(A). Ms. Elly is, accordingly, a person with a disability, in that she has a physical impairment substantially limiting one or more major life activities.  42 U.S.C. § 12102; See also 28 C.F.R. § 36.104.

4.       Plaintiff, Hope Elly, resides about an hour's drive from Cinemark 16 and vacations at least once per year on the Mississippi Gulf Coast. When she has visited the Gulfport, Mississippi area, she has visited the Cinemark 16 because she enjoys movies as well as dining and shopping in the immediate area. She has definite plans to return to the Cinemark during 2019 to enjoy movies and verify compliance with the ADA. However, her desire to return is adversely affected by the inaccessible conditions at the facility, and the difficulty she

experienced when attempting to access the restrooms, the sales counters and other areas within the theater.[1]

5.      Plaintiff, Patrick Dunn, resides in Andalusia, Alabama. Mr. Dunn was injured in an automobile accident resulting in permanent damage to his C-7 vertebra in his spinal cord. He has paralysis and uses a wheelchair for mobility and experiences restricted ability to use his hands, arms, and legs. Mr. Dunn is, accordingly, a person with a disability pursuant to the ADA, in that he has a physical impairment substantially limiting one or more major life activities.  42 U.S.C. § 12102; See also 28 C.F.R. § 36.104.

6.      Mr. Dunn vacations at least once per year on the Mississippi Gulf Coast. When he visits the Gulfport, Mississippi area, he visits the Cinemark 16 because he enjoys the variety of movies as well as dining, shopping and the casinos in the immediate area. He has definite plans to return to the Cinemark in 2019 to enjoy movies and verify compliance with the ADA. However, his desire to return is adversely affected by the inaccessible conditions at the facility, and the difficulty he experienced in trying to access the restrooms, sales counters, and other areas within the theater.  (See Footnote 1)

7.      Defendant, Cinemark USA, Inc. (hereinafter "Cinemark"), is a corporation that is registered to conduct business and is conducting business within the State of Mississippi sufficient to create both general and specific *in personam* jurisdiction. Upon information and belief, Cinemark USA, Inc., "operates" and "leases" the real property and its improvements located at 15171 Crossroads Parkway, Gulfport, Mississippi 39503, hereinafter referred to as "Cinemark 16". 42 U.S.C. § 12182 As a movie theater and a place

---

[1] The Eleventh Circuit, held in *Houston v. Marod Supermarkets*, 733 F.3d 1323 (11th Cir. 2013), that when architectural barriers have not been remedied "*there is a 100% likelihood that plaintiff… will suffer the alleged injury again when he returns to the store*."

serving food and drink, the establishment qualifies as a place of public accommodation, pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104. Upon information and belief, Cinemark USA, Inc., "owns" and "operates" the public internet website www.cinemark.com and the Cinemark mobile application which provide access to goods, services, and benefits offered on those platforms.

8.      All events and omissions occurred, and the real property is located in the Southern District of Mississippi and the Defendant is a citizen thereof.  42 USC 1391 (b)(2).

9.      Because of the various types of barriers described below, Plaintiffs have been denied full and equal enjoyment of the Defendant's premises on the basis of their disabilities.

10.     Plaintiffs, accordingly, have Article III standing to pursue this case because (1) they are persons with disabilities, pursuant to the statutory and regulatory definition; (2) the Defendant's establishment is a place of public accommodation, pursuant to the statutory and regulatory definition; (3) they have suffered a concrete and particularized injury by being denied access to the establishment by architectural barriers, by policies and practices, and by denial of the use of the establishment for their full and equal enjoyment as compared to non-disabled individuals; and (4) because these architectural barriers and policies continue to exist, there is a genuine threat of imminent future injury, as described herein.  (See Footnote 1).

## COUNT ONE
## VIOLATION OF THE ADA
### 42 U.S.C. § 12182(b)(2)(A)(iv)
*(Failure to Remove Architectural Barriers)*

11.     Plaintiffs are informed and believe based on publicly available information that Cinemark 16 was originally constructed in 1999.

**12.**    Plaintiffs are further informed and believe based on publicly available information that Cinemark 16, was altered after 1999.

**13.**    All "alterations" made to existing facilities after January 26, 1992, and all newly constructed facilities for first occupancy after January 26, 1993, were required to have been built in strict compliance with the ADA 1991 new construction Standards. 42 U.S.C. § 12183(a) and (b). 28 C.F.R. § 36.402.  See 28 C.F.R. § 36.406(5)(ii) which states,

> Newly constructed or altered facilities or elements covered by §§ 36.401 or 36.402 that were constructed or altered before March 15, 2012 and that do not comply with the 1991 Standards shall, on or after March 15, 2012, be made accessible in accordance with the 2010 Standards.

## Architectural Barriers

**14.**    When the Plaintiffs visited Cinemark 16, they experienced the following barriers to access for individuals with disabilities:

Floor Mats

**(1)**    The floor mats fail to be maintained in conformance with the Standards, as they are not stable, firm, or otherwise secured to the floor;

Sales and Service Counters

**(2)**    The sales and/or service counters fail to comply with the Standards as follows:

**a.**    There is not at least one of each type of sales and/or service counter that is maintained in conformance with the Standards so that the accessible counters are located adjacent to a required walking surface.

**b.**      There is not at least one of each type of accessible sales and/or service counter containing a portion of the counter at the required height and length while maintaining the maneuvering clearance for either a parallel or forward approach to the counter;

**c.**      There is not at least one of each type of sales and/or service counter that is maintained free of merchandise or display items that encroach into the required clear counter surface.

**d.**      There is not at least one of each type of sales and/or service counter which contains point of sale equipment that is accessible to individuals with disabilities;

Interactive Seat Selection Display

**(3)**      Defendant fails to provide an interactive seat selection display screen that is maintained in compliance with the Standards so that individuals with disabilities can independently select their own theater seats in the same manner as individuals without disabilities;

Bench Seating in Common Areas

**(4)**      Defendant provides seating benches throughout the facility for the convenience of theater patrons, but fails to maintain clear floor space among bench seating so that individuals with disabilities can equally use the bench areas;

Signage;

**(5)**      Defendant fails to maintain accessible restroom identification signage displaying the international symbol of accessibility in conformance with the Standards;

Men's Restroom to the left of Concession Area

**(6)**    Plaintiff Dunn experienced the following barriers in attempting to access the men's restroom to the left of the concession area:

    **a.**    When entering and/or exiting the restroom Dunn found insufficient maneuvering clearance on either the push or pull side of the door as required by the Standards for individuals who use mobility devices;

    **b.**    Defendant maintains movable items in the maneuvering clearance which is required for individuals using mobility devices at the door;

    **c.**    There is not at least one toilet compartment that is configured in conformance with the Standards including the maneuvering clearance to approach the compartment, clear floor space at the compartment door, and other design requirements

    **d.**    The restroom fails to maintain at least one accessible toilet compartment by conforming with the Standards so that the center line of the water closet is located 16-18 inches from the side wall and the top of the water closet seat surface measures 17-19 inches high;

    **e.**    The restroom fails to maintain at least one accessible toilet compartment in conformance with the Standards so that the compartment is arranged for either a left- or right-hand approach without obstructing the required clear floor space around the water closet;

    **f.**    The restroom fails to maintain at least one accessible toilet compartment in conformance with the Standards so that the side wall grab bar

is 42 inches long, extends a maximum distance of 54 inches from the rear wall, with the top gripping surface 33-36 inches high;

    **g.**    The restroom fails to maintain at least one accessible toilet compartment in conformance with the Standards so that the rear wall grab bar is 36 inches long, located 12 inches on the closed side of the toilet room and 24 inches on the transfer side and mounted so that the top gripping surface measures 33-36 inches high;

    **h.**    There is not at least one mirror with the bottom reflecting surface measuring a maximum height of 40 inches;

    **i.**    The urinal is not maintained in compliance with the Standards to meet the required height, reach ranges, and clear floor space;

<u>Women's Restroom to the left of the Concession Area</u>

    **(7)**    Plaintiff Elly experienced the following barriers in attempting to access the restroom to the left of the concession area:

    **a.**    There is not at least one toilet compartment that is configured in conformance with the Standards including the maneuvering clearance to approach the compartment, clear floor space at the compartment door, and other design requirements;

    **b.**    The restroom fails to maintain at least one accessible toilet compartment with a coat hook in compliance with the required height and reach ranges;

    **c.**    The restroom fails to maintain at least one accessible toilet compartment in conformance with the Standards so that the side wall grab bar

is 42 inches long, extends a maximum distance of 54 inches from the rear wall, with the top gripping surface 33-36 inches high;

    **d.**    The restroom fails to maintain at least one accessible toilet compartment in conformance with the Standards so that the rear wall grab bar is 36 inches long, located 12 inches on the closed side of the toilet room and 24 inches on the transfer side and mounted so that the top gripping surface measures 33-36 inches high;

    **e.**    There is not at least one mirror with the bottom reflecting surface measuring a maximum height of 40 inches;

<u>Men's Restroom to the Right of Concession Area</u>

    **(8)**    Plaintiff Dunn experienced the following barriers in attempting to access the men's restroom to the right of the concession area:

    **a.**    When entering and/or exiting the restroom Dunn found insufficient maneuvering clearance on either the push or pull side of the door as required by the Standards for individuals who use mobility devices;

    **b.**    Defendant maintains movable items in the maneuvering clearance which is required for individuals using mobility devices at the door;

    **c.**    There is not at least one toilet compartment that is configured in conformance with the Standards including the maneuvering clearance to approach the compartment, clear floor space at the compartment door, and other design requirements;

    **d.**    The restroom fails to maintain at least one accessible toilet compartment in conformance with the Standards so that the compartment is

arranged for either a left- or right-hand approach without obstructing the required clear floor space around the water closet;

      **e.**    The restroom fails to maintain at least one accessible toilet compartment with a coat hook in compliance with the required height and reach ranges;

      **f.**    The restroom fails to maintain at least one accessible toilet compartment by conforming with the Standards so that the center line of the water closet is located 16-18 inches from the side wall and the top of the water closet seat surface measures 17-19 inches high;

      **g.**    There is not at least one mirror with the bottom reflecting surface measuring a maximum height of 40 inches;

      **h.**    The urinal is not maintained in compliance with the Standards to meet the required height, reach ranges, and clear floor space;

<u>Women's Restroom to the Right of Concession Area</u>

**(9)**    Plaintiff, Elly, experienced the following barriers when attempting to use the women's restroom to the right of the concession area:

      **a.**    When entering and/or exiting the restroom Elly found insufficient maneuvering clearance on either the push or pull side of the door as required by the Standards for individuals who use mobility devices;

      **b.**    Defendant maintains movable items in the maneuvering clearance which is required for individuals using mobility devices at the door;

     **c.**     There is not at least one toilet compartment that is configured in conformance with the Standards including the maneuvering clearance to approach the compartment, clear floor space at the compartment door, and other design requirements;

     **d.**     The restroom fails to maintain at least one accessible toilet compartment by conforming with the Standards so that the center line of the water closet is located 16-18 inches from the side wall;

     **e.**     The restroom fails to maintain at least one accessible toilet compartment with a coat hook in compliance with the required height and reach ranges;

     **f.**     The restroom fails to maintain at least one accessible toilet compartment in conformance with the Standards so that the side wall grab bar is 42 inches long, extends a maximum distance of 54 inches from the rear wall, with the height of the top gripping surface measuring 33-36 inches;

     **g.**     The restroom fails to maintain at least one accessible toilet compartment in conformance with the Standards so that the rear wall grab bar is 36 inches long, located 12 inches on the closed side of the toilet room and 24 inches on the transfer side and mounted so that the height of the top gripping surface measures 33-36 inches;

     **h.**     There is not at least one mirror with the bottom reflecting surface measuring a maximum of 40 inches above the floor;

**15.**     To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the Standards.

**16.**     Unless Defendant takes remedial action, Plaintiffs will continue to encounter the architectural barriers described herein, and, as a result, be discriminated against by Defendant on the basis of their disabilities.

**17.**     Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action. They are entitled to have their reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C. §12205.

**18.**     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiffs' injunctive relief, including an Order to remove architectural barriers and bring the facility into compliance with the ADA Standards.

**COUNT TWO**
**VIOLATION OF THE ADA**
**42 U.S.C. § 12182(b)(2)(A)(ii)**
*(failure to modify policies, practices and procedures which deny equal benefits)*

**19.**     Plaintiffs incorporate by reference and reallege all the paragraphs above.

**20.**     By its clear text, Title III requires a public accommodation to provide individuals with disabilities *more than simple physical access.* Removal of architectural barriers as described in Count One is only one component of compliance with the Statute. Thus, a place of public accommodation must not have and must modify any policy or practice which effectively, or directly denies access to goods or services to individuals with disabilities and prevents them from realizing the full and equal enjoyment of goods and services offered. 42 U.S.C. § 12182(b)(2)(A)(ii).

**21.**     Defendant has failed to make modifications in its policies, practices, and procedures as follows:

**a.**     Defendant has demonstrated that it has a policy of non-compliance with the ADA new construction Standards by its failure to design and construct the facility in compliance with the applicable Standards.

**b.**     The presence of architectural barriers identified in Count One demonstrates that the Defendant either has no policies or has failed to create, adopt, and/or implement policies and procedures for the removal of architectural barriers.

**c.**     Defendant's disregard for compliance with the ADA's alteration standards reflects, at a minimum, a policy which excludes persons with disabilities in the planning and implementation of alterations to the facility. Renovation of the facility afforded Defendant a post-construction opportunity to bring Cinemark 16 into compliance with the Standards, but Defendant's policies and practices of non-compliance with the alteration standards effectively ensure that persons with disabilities continue to have unequal access to the facility.

**d.**     Defendant's procedure of placing merchandise and other items within the required clear counter space denies equal access to those areas for people with disabilities.

**e.**     Defendant's practice of allowing employees to place movable items in the maneuvering clearance at restroom doors denies individuals with disabilities the full use of these areas.

   **f.** As the continuing architectural barriers and the failure to provide full and equal use of the facility establishes, Defendant's existing practice, either explicitly or implicitly, is to remediate ADA Title III architectural barriers only upon demand by individuals with disabilities.

   **g.** Defendant lacks a policy or procedure which ensures that its website and mobile application ("mobile app") are designed and maintained in a manner which provides equal access to those platforms for persons with disabilities.

  **22.** To date, the Defendant's discriminating policies, practices, and/or procedures have not been modified to afford goods, services, facilities, privileges, advantages, or other accommodations to individuals with disabilities.

  **23.** Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. They are entitled to have their reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C. § 12205.

  **24.** Pursuant to 42 U.S.C. § 12188 this Court is authorized to enjoin the Defendant from engaging in these discriminatory policies, practices, and procedures.

  **25.** Therefore, the Plaintiffs hereby demand that Defendant both create and adopt a corporate practice and policy that Defendant (a) will fully comply with the ADA design and alteration Standards so that architectural barriers identified in Count One are permanently removed from Defendant's establishment; and (b) Defendant will implement policies and procedures which provide individuals with disabilities, including those with mobility impairments,  full and equal enjoyment and use of all goods and services;

**COUNT THREE**
**VIOLATION OF THE ADA**
*(Denial of Full and Equal Enjoyment)*

**26.**    Plaintiffs incorporate by reference and reallege all the paragraphs above.

**27.**    Discrimination on the basis of disability is a denial of the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" and is prohibited. 42 U.S.C. 12182(a).  Further, the ADA specifically makes it unlawful to provide individuals with disabilities with an "unequal benefit," and to relegate individuals with disabilities to a "different or separate" benefit. 42 U.S.C. §§ 12182(b)(1)(A))(ii)-(iii); 28 C.F.R. § 36.202(b)-(c).

**28.**    For that reason, the Act applies not only to barriers to physical access to places of public accommodation, but also to any policy, practice, or procedure which operates to deprive or diminish individuals with disabilities *full and equal enjoyment* of the privileges and *services* offered by the public accommodation. 42 U.S.C. 12182.

**29.**    Plaintiffs were denied full and equal access to Cinemark 16  due to Defendant's denial of equal services and benefits. As compared to individuals without disabilities, Plaintiffs experienced unequal treatment and inferior accommodations at Defendants' facility as follows:

> **a.**    The inaccessible features of Defendants' sales and/or service counters denied Plaintiffs the use of a counter with the proper height, clear floor space and clear surface area in order to provide them with an opportunity to equally transact business and access the point of sale machines;

**b.** The height of the counter and the inaccessible features of the interactive ticket selection screens prohibited Plaintiffs and other individuals with disabilities from being able to equally access and independently use this material feature provided at the theater;

**c.** The inaccessible features of the restrooms prohibited Plaintiffs from equally using the fixtures, the entrance, and other features without assistance or without difficulty or personal humiliation or hardship;

**d.** The inaccessible design and maintenance of Defendant's web site has prohibited Plaintiffs from being able to access advertisements, information, or any other interactive benefits using assistive technology, including but not limited to voice input and output software, alternative input methods, and assistive touch functions;

**e.** The inaccessible design of Defendant's mobile application has prohibited Plaintiffs from being able to equally access all the functions and features that are available on this platform;

**30.** Defendant's continued failure to maintain ADA accessibility as an integral part of the Cinemark atmosphere and experience has segregated or otherwise treated Plaintiffs and others similarly situated differently, in that, the lack of accessible features and policies caused Plaintiffs to be dependent on others to attempt access and caused them to be deterred from returning to this facility for fear of experiencing the same kind of discriminatory treatment.

**31.** Defendant's conduct and unequal treatment of Plaintiffs constitute continuous discrimination in violation of the ADA; 28 C.F.R.§ 36.211(a).

**32.**     Absent a Court ordered injunction, Defendant will continue to deny Plaintiffs equal access to the goods and services offered at Cinemark 16.

**33.**     Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action. They are entitled to have their reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C. § 12205.

**34.**     Pursuant to 42 U.S.C. § 12188, this Court is authorized to enjoin the Defendant from engaging in these continuous discriminatory practices which have resulted in denial of equal access by the Plaintiffs.

**COUNT FOUR**
**VIOLATION OF THE ADA 42 U.S.C. § 12183(a)(1)**
*(Failure to design, construct and alter the facility in compliance with ADA Standards)*

**35.**     Plaintiffs incorporate by reference and reallege all the paragraphs above.

**36.**     The ADA requires that all newly constructed facilities be designed and constructed according to architectural standards set by the Attorney General. 42 U.S.C. §§ 12183(a), 12186(b). Those Standards are incorporated into the Department of Justice's regulation implementing title III of the ADA, 28 C.F.R. Part 36, Appendix A. The Standards set architectural requirements for places of public accommodation which were constructed after January 1993. Thus, Defendant violated the statute by failing to design and construct Cinemark 16 in accordance with the applicable Standards. (see paragraph 13 above).

**37.**     Defendant further violated the Standards by failing to comply with the Standards when altering the facility after its construction. (see par 13 above)

**38.**     To date, architectural barriers remain at the facility due to construction and alteration violations.

**39.**     Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action. They are entitled to have their reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C. § 12205.

**40.**     Pursuant to 42 U.S.C. § 12188 this Court is authorized to issue an injunction against the Defendant by ordering the facility brought into compliance with the Standards.

**COUNT FIVE**
**VIOLATION OF THE ADA**
**42 U.S.C. § 12182(a) and 28 C.F.R. § 36.302 (e)(1)(i)-(ii)**
*(Failure to Provide Equal Access by Removing Electronic (Communication) Barriers by Failing to*

*Design an Accessible Website and mobile application (hereinafter 'digital media')*

**41.**     Plaintiffs incorporate by reference and reallege all the paragraphs above.

**42.**      Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any public place of accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).   In addition, 42 U.S.C. § 12182(b)(1)(C) prohibits the denial of an individual with disabilities the opportunity to participate in programs or activities that are not different or separate.    The benefits provided by Defendant as part of its digital media constitute goods, services, facilities, privileges, advantages, or accommodations of Defendant.

43.     The Defendant's digital media design prohibits Plaintiffs from using it in the same manner as individuals without disabilities.  The digital media design fails to integrate adaptive access mechanisms which allow a person with limited manual dexterity, who cannot use a mouse, to use assistive technology such as voice output and input software; alternative input methods, such as keyboard controls, and assistive touch functions to interact. [2]

44.     Plaintiffs were unable to or had extreme difficulty accessing services and benefits provided on Defendant's digital media including information about promotions, amenities, theatre locations, movie schedules, plus ticket, gift card purchases, and access to movie club rewards. Defendant's failure to provide those same services to individuals with disabilities relegates and segregates them to inferior benefits and services. Accordingly, Defendant is systematically violating the ADA by denying Plaintiffs the benefits of access to and full enjoyment of its digital platforms.

45.     By providing features on Defendant's web site and mobile application that are inaccessible, Defendant has denied Plaintiffs and continues to deny Plaintiffs, on the basis of their disabilities, the same access to Defendant's goods, services, facilities, privileges, advantages, or accommodations as provided to individuals without disabilities, namely by providing Plaintiffs with a less usable or effective experience.

46.     To date, the Defendant's discriminating actions continue.

47.     Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action. They are entitled to have their reasonable attorney's fees, costs

---

[2] The Justice Department has long affirmed the application of Title III to the websites of public accommodations. *The statute's broad and expansive nondiscrimination mandate reaches goods and services provided by covered entities on Web sites over the Internet."* 75 Fed. Reg. 43,460, 46,463.

and expenses paid by the Defendant pursuant to 42 U.S.C. § 12205.

48.    Pursuant to 42 U.S.C. § 12188 this Court is authorized to enjoin the Defendant from engaging in these discriminatory practices.

WHEREFORE, premises considered, Plaintiffs Hope Elly and Patrick Dunn, demand judgment against the Defendant on Counts One through Five and request the following injunctive and declaratory relief:

1.    That the Court declare that the Defendant as well as all Defendant's illegal actions described herein violate the ADA, as more particularly described above;

2.    That the Court enter an order requiring the Defendant to alter the facility to make it accessible to and usable by individuals with disabilities to the full extent required by the ADA as stated in Count One;

3.    That the Court enter an order directing the Defendant to modify its policies, practices, and procedures in order to provide equal access to individuals with disabilities consistent with the ADA as stated in Count Two;

4.    That the Court enter an order directing the Defendant to provide full and equal access to the use of the Cinemark facility, and maintain the required accessible features at the establishment so that Plaintiffs, and other individuals with disabilities, enjoy the same experience offered to individuals without disabilities, as stated in Count Three;

5.    That the Court enter an order directing the Defendant to remediate Cinemark to the proper level of accessibility required for the design and construction of the facility as outlined in Count Four;

6.    That the Court enter an order requiring that Defendant adopt and implement a digital media accessibility policy and take the necessary actions to make its website and mobile application accessible to the Plaintiffs, as particularly described in Count Five;

7.    Plaintiffs request that the Defendant be ordered to:

    a.   Place on its homepage a statement concerning its digital media accessibility policy;

    b.   Provide accessible design training to all its employees and associates who write or develop programs or code; and

    c.   Test its website and mobile application quarterly to identify and repair any incidence of non-conformance.

8.    That the Court award reasonable attorney's fees, costs, (including expert fees) and other expenses of suit, to Plaintiffs; and

9.    That the Court award such other, further, and different relief as it deems necessary, just, and proper.

Date:  February 1, 2019

Respectfully submitted,

PSHON BARRETT, ESQ.
MS Bar No. 2071
ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106
334.819.4030 p
334.819.40432 f
Pshon.Barrett@ADA-Firm.com
*Attorney for the Plaintiffs*


BRADLEY D. MCADORY
BPR # MS-10545
ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
BDM@ADA-Firm.com
*Attorney for the Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed with the Clerk of Court the aforementioned Complaint for service of process by USPS mail or electronic mail, postage prepaid and properly addressed this 1st day of February, 2019 to the following:


**CINEMARK USA, INC.**
c/o Corporation Service Company
Attn: Registered Agent
7716 Old Canton Rd, Suite C
Madison, MS 39110


PSHON BARRETT, ESQ.
MS Bar No. 2071
ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
Pshon.Barrett@ADA-Firm.com
*Attorney for the Plaintiffs*